AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)  ☐ Original  ☐ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

Central District of California

LODGED
CLERK, U.S. DISTRICT COURT
5/23/2023
CENTRAL DISTRICT OF CALIFORNIA
BY: ___TV___ DEPTUTY

FILED
CLERK, U.S. DISTRICT COURT
May 23, 2023
CENTRAL DISTRICT OF CALIFORNIA
BY: ___MR___ DEPUTY

United States of America

v.

Kris Dean Drakakis,

Defendant

Case No.  2:23-mj-02665

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of March 3, 2023 in the county of Los Angeles in the Central District of California, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1), (b)(1)(A)(vi) | Possession with Intent to Distribute Fentanyl |
| 18 U.S.C. § 922(g)(1) | Felon in Possession of Ammunition |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

/s/
Complainant's signature

Merrilee Goodwin, FBI Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: May 23, 2023

*Judge's signature*

City and state:  Los Angeles, California

Hon. Pedro V. Castillo, U.S. Magistrate Judge
*Printed name and title*

AUSA:  El-Amamy x0552

**AFFIDAVIT**

I, Merrilee Goodwin, being duly sworn, declare and state as follows:

## I. INTRODUCTION

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been since 1998. I am currently assigned to a Domestic Terrorism Squad of the Los Angeles Field Office, where I primarily investigate people who commit violent criminal acts in furtherance of their political or social ideology, and investigate threats associated with the nefarious use of chemical, biological, radiological, nuclear, and explosive materials. In this capacity, I investigate federal crimes pertaining to terrorism and have gained experience in cyber-based matters including those involving dark web markets. As a result, I am familiar with the methods used by criminals in furtherance of their criminal activities in both the virtual and physical worlds, and I have received both formal and informal training from the FBI and other institutions regarding cyber and computer crime investigations and review of digital devices. As a Special Agent, I completed the FBI Academy in Quantico, Virginia, and received training to include the fundamentals of law, ethics, interviewing, report writing, firearms, surveillance, defensive tactics, and case management. I have also received training regarding the methods of operations of individuals who distribute drugs and commit crimes involving firearms.

## II. **PURPOSE OF AFFIDAVIT**

2. This affidavit is made in support of a criminal complaint against, and arrest warrant for, KRIS DEAN DRAKAKIS ("DRAKAKIS") for violations of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(vi): Possession with Intent to Distribute Fentanyl, and Title 18, United States Code, Section 922(g)(1): Felon in Possession of Ammunition.

3. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not purport to set forth all of my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only, with typographical errors in the original, and all dates and times are approximate.

## III. **STATEMENT OF PROBABLE CAUSE**

4. Based on my review of a March 4, 2023 Los Angeles Police Department ("LAPD") report, I am aware of the following:

   a. On March 3, 2023, at approximately 11:55 p.m., LAPD Officers Ramirez, Reyes, and Guerrero were conducting uniformed patrol in the area of De Foe Avenue in Los Angeles, California. They observed a silver Ford Explorer with expired registration.

   b. The officers conducted a traffic stop of the vehicle. As they approached the vehicle, Officer Ramirez saw a

Hispanic female walking away from the front passenger's door of the vehicle.  When Officer Ramirez walked to the front passenger's window of the vehicle, he saw narcotics paraphernalia in plain view.

       c.   DRAKAKIS was the driver of the vehicle.  The officers asked DRAKAKIS to step out the vehicle, and he refused.  DRAKAKIS told Officer Ramirez that he did not want to exit the vehicle because he was in fear.

       d.   Eventually DRAKAKIS exited the vehicle.  Due to officer safety issues, the officers asked DRAKAKIS if he had fentanyl on his person.  DRAKAKIS said that he did not, but stated that there was fentanyl in the vehicle.  He told the officers that there was a large amount of narcotics in the vehicle, as well as a rifle and two handguns.

       e.   During a search of the vehicle, the officers located an assault rifle with a scope and an inserted empty magazine, two handguns with live ammunition in their magazine, a large quantity of narcotics that appeared to be methamphetamine, heroin, and fentanyl, $3,810, a scale and baggies.  The assault rifle was in the back seat of the vehicle and was wrapped in a red bed sheet.  A yellow bag that contained the two loaded handguns and a black Honeywell bag that contained narcotics were on the front passenger's floorboard.  Two additional bags that contained narcotics were on the front passenger's seat.  There was a black laptop bag that contained narcotics on the backseat floorboard.  Finally, there was a black tactical backpack that contained a small locked portable safe as well as a rifle

barrel. DRAKAKIS gave the officers consent to search the safe, and, inside, were more narcotics.

    f.    The officers placed DRAKAKIS under arrest and advised him of his Miranda rights. During his Mirandized interview, DRAKAKIS stated that the firearms were his and that he wanted to make some money.

5.    FBI agents took custody of the items seized from DRAKAKIS and sent the narcotics to the Southwest DEA laboratory. I have received a portion of the laboratory results. Based on my review of those results, I am aware that, among the narcotics that DRAKAKIS possessed in his vehicle, were approximately 1,732 grams of fentanyl.

6.    Based on my review of certified felony conviction documents, I am aware that DRAKAKIS has sustained the following felony convictions:

    a.    Possession or Purchase for Sale of Designated Controlled Substances, in violation of California Health and Safety Code Section 11351, in the Superior Court of the State of California, County of Los Angeles, Case Number GA082425, on or about March 8, 2011.

    b.    Possession or Purchase for Sale of Designated Controlled Substances, in violation of California Health and Safety Code Section 11351, in the Superior Court of the State of California, County of Los Angeles, Case Number GA086344, on or about May 23, 2012.

    c.    Possession or Purchase for Sale of Designated Controlled Substances, in violation of California Health and

Safety Code Section 11351, in the Superior Court of the State of California, County of Los Angeles, Case Number LA078144, on or about July 1, 2014.

        d.    Robbery, in violation of California Penal Code Section 211, in the Superior Court of the State of California, County of Los Angeles, Case Number LA086054, on or about June 5, 2017.

    7.    On or about May 16, 2023, Tiffany Lamphere, who is a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, examined ammunition that was seized from DRAKAKIS. Based on my review of her report, I am aware that she determined that, on March 3, 2023, DRAKAKIS possessed ten rounds of 9mm ammunition and six rounds of .25 caliber ammunition that had been manufactured outside of the state of California and that had traveled in interstate commerce.

## IV. CONCLUSION

    8.    For the reasons described above, I respectfully submit there is probable cause to issue the requested criminal complaint and arrest warrant.

Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this <u>23rd</u> day of May,
2023.

_____ PVC
UNITED STATES MAGISTRATE JUDGE

5