E. MARTIN ESTRADA
United States Attorney
ANNAMARTINE SALICK
Assistant United States Attorney
Chief, National Security Division
REEMA M. EL-AMAMY (Cal. Bar No. 237743)
Assistant United States Attorney
Terrorism and Export Crimes Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0552
    Facsimile: (213) 894-2979
    E-mail:    reema.el-amamy@usdoj.gov

LODGED
CLERK, U.S. DISTRICT COURT
5/23/2023
CENTRAL DISTRICT OF CALIFORNIA
BY: TV    DEPUTY

FILED
CLERK, U.S. DISTRICT COURT
May 23, 2023
CENTRAL DISTRICT OF CALIFORNIA
BY: MR    DEPUTY

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 2:23-mj-02665 |
|---|---|
| Plaintiff, | GOVERNMENT'S NOTICE OF REQUEST FOR DETENTION |
| v. | |
| KRIS DEAN DRAKAKIS, | |
| Defendant. | |

Plaintiff, United States of America, by and through its counsel of record, hereby requests detention of defendant and gives notice of the following material factors:

☐ 1. Temporary 10-day Detention Requested (§ 3142(d)) on the following grounds:

    ☐ a. present offense committed while defendant was on release pending (felony trial),

    ☐ b. defendant is an alien not lawfully admitted for permanent residence; <u>and</u>

|   |   |   |   |
|---|---|---|---|
|   | ☐ | c. | defendant may flee; or |
|   | ☐ | d. | pose a danger to another or the community. |
| x | 2. |   | Pretrial Detention Requested (§ 3142(e)) because no condition or combination of conditions will reasonably assure: |
|   | x | a. | the appearance of the defendant as required; |
|   | X | b. | safety of any other person and the community. |
|   | ☐ | 3. | Detention Requested Pending Supervised Release/Probation Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C. § 3143(a)): |
|   | ☐ | a. | defendant cannot establish by clear and convincing evidence that he/she will not pose a danger to any other person or to the community; |
|   | ☐ | b. | defendant cannot establish by clear and convincing evidence that he/she will not flee. |
| x | 4. |   | Presumptions Applicable to Pretrial Detention (18 U.S.C. § 3142(e)): |
|   | X | a. | Title 21 or Maritime Drug Law Enforcement Act ("MDLEA") (46 U.S.C. App. 1901 et seq.) offense with 10-year or greater maximum penalty (presumption of danger to community and flight risk); |
|   | ☐ | b. | offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or 2332b(g)(5)(B) with 10-year or greater maximum penalty (presumption of danger to community and flight risk); |
|   | ☐ | c. | offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, |

|   |   |   |   |
|---|---|---|---|
| 1 |   |   | 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4), |
| 2 |   |   | 2260, 2421, 2422, 2423 or 2425 (presumption of danger |
| 3 |   |   | to community and flight risk); |
| 4 | ☐ | d. | defendant currently charged with an offense described |
| 5 |   |   | in paragraph 5a - 5e below, <u>AND</u> defendant was |
| 6 |   |   | previously convicted of an offense described in |
| 7 |   |   | paragraph 5a - 5e below (whether Federal or |
| 8 |   |   | State/local), <u>AND</u> that previous offense was committed |
| 9 |   |   | while defendant was on release pending trial, <u>AND</u> the |
| 10 |   |   | current offense was committed within five years of |
| 11 |   |   | conviction or release from prison on the above- |
| 12 |   |   | described previous conviction (presumption of danger to |
| 13 |   |   | community). |
| 14 | x | 5. | Government Is Entitled to Detention Hearing Under § 3142(f) |
| 15 |   |   | If the Case Involves: |
| 16 | ☐ | a. | a crime of violence (as defined in 18 U.S.C. |
| 17 |   |   | § 3156(a)(4)), a violation of 18 U.S.C. § 1591, or |
| 18 |   |   | Federal crime of terrorism (as defined in 18 U.S.C. |
| 19 |   |   | § 2332b(g)(5)(B)) for which maximum sentence is 10 |
| 20 |   |   | years' imprisonment or more; |
| 21 | X | b. | an offense for which maximum sentence is life |
| 22 |   |   | imprisonment or death; |
| 23 | x | c. | Title 21 or MDLEA offense for which maximum sentence is |
| 24 |   |   | 10 years' imprisonment or more; |
| 25 | ☐ | d. | any felony if defendant has two or more convictions for |
| 26 |   |   | a crime set forth in a-c above or for an offense under |
| 27 |   |   | state or local law that would qualify under a, b, or c |
| 28 |   |   |   |

3

|    |   |    |                                                          |
|----|---|----|----------------------------------------------------------|
| 1  |   |    | if federal jurisdiction were present, or a combination   |
| 2  |   |    | or such offenses;                                        |
| 3  | ☐ | e. | any felony not otherwise a crime of violence that        |
| 4  |   |    | involves a minor victim or the possession or use of a    |
| 5  |   |    | firearm or destructive device (as defined in 18 U.S.C.   |
| 6  |   |    | § 921), or any other dangerous weapon, or involves a     |
| 7  |   |    | failure to register under 18 U.S.C. § 2250;              |
| 8  | x | f. | serious risk defendant will flee;                        |
| 9  | ☐ | g. | serious risk defendant will (obstruct or attempt to      |
| 10 |   |    | obstruct justice) or (threaten, injure, or intimidate    |
| 11 |   |    | prospective witness or juror, or attempt to do so).      |

12  ☐  6.  Government requests continuance of _____ days for detention
13          hearing under § 3142(f) and based upon the following
14          reason(s):

15
16  _____
17  _____
18  _____
19  //
20  //
21  //
22  //
23  //
24  //
25  //
26  //
27  //
28  //

4

☐   7.   Good cause for continuance in excess of three days exists in that:

_____

_____

_____

_____

Dated: May 23, 2023                Respectfully submitted,

                                   E. MARTIN ESTRADA
                                   United States Attorney

                                   ANNAMARTINE SALICK
                                   Assistant United States Attorney
                                   Chief, National Security Division


                                    /s/ Reema M. El-Amamy
                                   REEMA M. EL-AMAMY
                                   Assistant United States Attorney

                                   Attorneys for Plaintiff
                                   UNITED STATES OF AMERICA