```
E. MARTIN ESTRADA
United States Attorney
CAMERON L. SCHROEDER
Assistant United States Attorney
Chief, National Security Division
REEMA M. EL-AMAMY (Cal. Bar No. 237743)
Assistant United States Attorney
Terrorism and Export Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0552
     Facsimile: (213) 894-2927
     E-mail:    Reema.El-Amamy@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> KRIS DEAN DRAKAKIS, <br><br> Defendant. | CR No. 23- 00328-JLS <br><br> <u>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT</u> <br><br> **CURRENT TRIAL DATE:** 08-22-23 <br> **PROPOSED TRIAL DATE:** 02-06-24 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Reema M. El-Amamay, and defendant Kris Dean Drakakis ("defendant"), both individually and by and through his counsel of record, Jelani J. Lindsey, hereby stipulate as follows:

1. The Indictment in this case was filed on June 30, 2023. Defendant first appeared before a judicial officer of the court in

which the charges in this case were pending on May 23, 2023. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before September 8, 2023.

2. On July 13, 2023, the Court set a trial date of August 22, 2023, and a status conference date of August 11, 2023.

3. Defendant is detained pending trial. The parties estimate that the trial in this matter will last approximately two days.

4. By this stipulation, defendant moves to continue the trial date to February 6, 2024, and the status conference date to January 19, 2024. This is the first request for a continuance.

5. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a. Defendant is charged with a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), (b)(1)(B)(i), and (b)(1)(A)(vi): Possession with Intent to Distribute Methamphetamine, Heroin, and Fentanyl; 18 U.S.C. § 924(c)(1)(A)(i): Possession of a Firearm in Furtherance of Drug Trafficking Crimes; 18 U.S.C. § 922(g)(1): Felon in Possession of Ammunition. The government has produced discovery to the defense, including approximately 100 pages of written discovery, and video recordings related to the charged crimes.

    b. Defense counsel is scheduled to be in trial in the following matters:

        i. Defense counsel is scheduled to go trial on September 12, 2023, <u>United States v. Alexander Tung Cuu Le</u>, CR No. 22-492-MCS. Three continuances have been previously granted. The trial is expected to last two to three days.

    ii. Defense counsel is currently scheduled to go to trial on September 19, 2023, in <u>United States v. Gabriel Adrian Samaniego</u>, CR No. 22-cr-287-ODW, a felon with a firearm case filed on June 30, 2022.  Three continuances have been previously granted. The trial is expected to last five to seven days.

    iii. Defense counsel is scheduled to go to trial on October 9, 2023, in <u>United States v. Edwin Cristobal Vera Solorzano, et. al</u>, CR No. 22-00241(A)-SSS, a multi-defendant drug conspiracy case.  Three continuances have been granted.  It is unlikely that a future continuance will be requested.  Counsel likely will be ready to go to trial on the current trial date.  The trial is likely to go on the current trial date, if a pretrial resolution to the case cannot be reached.  The trial is scheduled to last two to three days.

    iv. Defense counsel is set to go to trial on October 17, 2023, in <u>United States v. Rodolfo Chavez</u>, CR No. 23-00141-SPG, an assault on a federal employee resulting in bodily injury case.  The parties may likely go to trial on the current trial date if a pretrial resolution cannot be reached.  Only one continuance has been granted.  The trial estimated to last approximately three days.

    v. Defense counsel is set to go to trial on November 07, 2023, in <u>United States v. Jose Balmore Romero, et. al</u>, CR No. 17-278-ODW, which is a complex, multidefendant racketeering case filed on May 10, 2017.  The parties will likely not be ready to go trial on the current trial date, if a pretrial resolution cannot be reached. Multiple continuances have been granted.  The case is expected to last approximately 20 days.

    vi. Defense counsel is set to go to trial on November 28, 2023, in <u>United States v. Deneyvous Jayan Hobson</u>, CR No. 23-

00102-FLA, a two-defendant Hobbs Act Robbery case. The parties will likely not be ready to go trial on the current trial date if a pretrial resolution cannot be reached. Only one continuance has been granted. The trial estimated to last approximately four to five days.

  c. Accordingly, counsel represents that he will not have the time that he believes is necessary to prepare.

  d. In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

  e. Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

  f. The government does not object to the continuance.

  g. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

 6. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that

1 the time period of August 22, 2023 to February 6, 2024, inclusive,
2 should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A),
3 (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a
4 continuance granted by the Court at defendant's request, without
5 government objection, on the basis of the Court's finding that: (i)
6 the ends of justice served by the continuance outweigh the best
7 interest of the public and defendant in a speedy trial; (ii) failure
8 to grant the continuance would be likely to make a continuation of
9 the proceeding impossible, or result in a miscarriage of justice; and
10 (iii) failure to grant the continuance would unreasonably deny
11 defendant continuity of counsel and would deny defense counsel the
12 //
13 //
14 //
15 //
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7.  Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: August 5, 2023          Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

CAMERON L. SCHROEDER
Assistant United States Attorney
Chief, National Security Division


          /s/
_____
REEMA M. EL-AMAMY
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

I am KRIS DEAN DRAKAKIS's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than February 6, 2024 is an informed and voluntary one.

_____     8-6-2023
JELANI J. LINDSEY                  Date
Attorney for Defendant
KRIS DEAN DRAKAKIS

6

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than February 6, 2024.

_____    _____8-6-2023_____
KRIS DEAN DRAKAKIS                                    Date
Defendant